FILED

February 10, 2015

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 8:07 AM



## COURT OF WORKERS' COMPENSATION CLAIMS
## DIVISION OF WORKERS' COMPENSATION

EMPLOYEE: PRESTON WILLIAMS

EMPLOYER: CITY OF KINGSPORT

DOCKET #:  2014-02-0040
STATE FILE #: 82673-2014
DATE OF INJURY: 10/08/2014

INSURANCE CARRIER: SELF-INSURED

TPA: TRI-STATE CLAIMS

### EXPEDITED HEARING ORDER

THIS CAUSE came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing filed by Preston Williams, Employee.  Considering the positions of the parties, the applicable law, and all of the evidence submitted, the Court finds as follows:

On December 22, 2014, Mr. Williams filed a Request for Expedited Hearing with the Tennessee Court of Workers' Compensation Claims, Division of Workers' Compensation, pursuant to Tennessee Code Annotated section 50-6-239 to determine if Employer, City of Kingsport (Kingsport) is obligated to provide medical benefits.  The undersigned Workers' Compensation Judge conducted a telephonic Expedited Hearing on January 29, 2015.  Mr. Williams appeared *pro se*.  Attorney Mike Billingsley represented Employer.  After considering the parties' arguments, the applicable law, the technical record, and all testimony and evidence introduced at the Expedited Hearing, the Court concludes that Employee is entitled to the medical benefits requested.

### ANALYSIS

#### Issue

Whether Mr. Williams sustained a compensable injury on October 8, 2014, and, if so, whether he is entitled to medical benefits.

#### Evidence Submitted

At the hearing, the Court received and considered the following evidence submitted by Employee:
- Exhibit 1:  Care Here- Lauren Thompson, NP-Medical Records (4 pages)
- Exhibit 2: Medical Bills-Blue Ridge Radiology, Wellmont Health Systems

1

(Wellmont) (2 pages)

- Exhibit 3: Affidavit of Mr. Williams (2 pages)

The Court has received and considered the following evidenced submitted by Employer:

- Exhibit 4: Affidavit of Terri Evans (2 pages)
- Exhibit 5: First Report of Injury (1 page)

## Technical Record

The Court designated the following as the technical record:

- Petition for Benefit Determination
- Dispute Certification Notice
- Request for Expedited Hearing

The Court did not consider attachments to the above filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in the above filings as allegations unless established by the evidence.

## Witnesses

The following witnesses testified at the Expedited Hearing:

- Mr. Williams
- Terri Evans, Risk Manager
- Bobby Harmon, Supervisor

## History of Claim

Mr. Williams works as a backhoe operator for Kingsport. On the day in question, Mr. Williams moved a back hoe onto a trailer. As he was exiting the back hoe, he lost his balance and fell to the ground. He partially caught himself with his right arm (Exhibit 3, page 1). He noticed pain and stiffness in his arm. He reported the incident to his supervisor and to Kingsport's risk manager (Exhibit 4, page 1). Kingsport denied the claim as not compensable (Exhibit 5).

Mr. Williams sought medical treatment for his injury at Care Here. Lauren Thompson, NP saw Mr. Williams on October 9, 2014. Mr. Williams complained of pain in his forearm. NP Thompson ordered an x-ray of Mr. Williams forearm and elbow to rule out the possibility of a fracture (Ex. 1, page 1.). Mr. Williams went to Wellmont for the x-ray. The x-rays and radiology services cost $368.02 (Exhibit 2, pages 1-2).

Mr. Williams returned to Care Here on October 17, 2014, to review the result of the x-rays, which were negative (Exhibit 3, page 1). Mr. Williams complained of decreased grip strength, but stated that it had improved during the week. NP Thompson opined that Mr. Williams might have a

2

muscle tear and recommended an orthopedic referral if his condition did not improve or his symptoms worsened (Ex. 3, page 1.)

On November 17, 2014, Mr. Williams returned to Care Here. He complained of decreased strength in his right index finger since his fall at work. Mr. Williams saw a different provider that day. The provider diagnosed a muscle/nerve strain. The provider advised Mr. Williams to return to the clinic if his condition did not improve, and opined that Mr. Williams may need a nerve conduction study or MRI (Ex. 3, page 1).

Mr. Williams returned to Care Here on December 1, 2014, for follow-up, but did not provide the notes for that visit.

## Mr. Williams' Contentions

Mr. Williams contended that he suffered a compensable fall at work. He does not know why he fell as he attempted to get out the backhoe, but he did fall all the way to ground catching himself with his right arm. Mr. Williams requested the Court to order Kingsport to provide him further medical treatment, as needed, and to pay his previous bills in the amount of $368.02.

## NHR's Contentions

Kingsport contended that Mr. Williams failed to prove his injury arose primarily out of and in the course and scope of employment because he does not know what caused his fall. Kingsport requested an order from the Court denying Mr. Williams any medical benefits.

## Findings of Fact and Conclusions of Law

### Standard Applied

When determining whether to award benefits, the Judge must decide whether the moving party is likely to succeed on the merits at trial given the information available. *See generally, McCall v. Nat'l Health Care Corp.*, 100 S.W.3d 209, 214 (Tenn. 2003). In a workers' compensation action, pursuant to Tennessee Code Annotated section 50-6-239(c)(6), Employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence. Employee must show the injury arose primarily out of and in the course and scope of employment. Tenn. Code Ann. § 50-6-102(13).

### Factual Findings

After considering the parties' arguments, the documentary evidence presented as exhibits at the hearing, the arguments of the parties, and the entire record in this claim, the Court makes the following findings:

1. Mr. Williams worked on October 8, 2014, and fell from a backhoe sitting on top of a trailer to the ground;

3

2. Mr. Williams does not know why he fell;
3. Mr. Williams promptly reported the accident;
4. Mr. Williams suffered a strain to his right arm as a result of the fall; and
5. Mr. Williams incurred medical bills in the amount of $368.02.

*Application of Law to Facts*

The issue in this case is whether Mr. Williams has presented sufficient evidence at the Expedited Hearing to prove he suffered a compensable injury. Tennessee Code Annotated Section 50-6-102(13) defines injury as follows:

"Injury" or "personal injury" mean an injury by accident, a mental injury, occupational disease including diseases of the heart, lung and hypertension, or cumulative trauma conditions including hearing loss, carpal tunnel syndrome or any other repetitive motion conditions, arising primarily out of and in the course and scope of employment, that causes death, disablement or the need for medical treatment of the employee; provided, that:

(A) An injury is "accidental only if the injury is caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence, and shall not include the aggravation of a preexisting disease, condition or ailment unless it can be shown to a reasonable degree of medical certainty that the aggravation arose primarily out of and in the course and scope of employment;

(B) An Injury "arises primarily out of and in the course and scope of employment' only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes;

(C) An injury causes death, disablement or the need for medical treatment only if it has been shown to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing death, disablement or need for medical treatment, considering all causes.

Mr. Williams proved he suffered an accidental injury at work. He gave specifics of the time and place of occurrence. Kingsport does not dispute that Mr. Williams fell, but does not believe the injury primarily arose from his employment because he does not know why he fell. The medical records indicate the fall as the only reason for Mr. Williams's condition. The preponderance of the evidence proves Mr. Williams' accident is the sole cause of his need for treatment.

4

Kingsport has confused the cause of the fall with the cause of the injury. Although Mr. Williams may not know why he fell, his job placed him in an elevated position inside a backhoe on top of a trailer. His elevation on equipment increased the likelihood of injury. This is not a mere fall to the ground while walking. Although the reason for the fall may be idiopathic, Mr. Williams' job presented a special hazard. The Tennessee Supreme Court in *Wilhelm v. Krogers,* 235 S.W.2d 122, 128 (Tenn. 2007), wrote the following:

> In workers' compensation cases, "benefits have generally not been allowed where the cause of [an injury] has been found to be due to some diseased or other idiopathic condition personal to the employee, absent some 'special hazard' of the employment." *Sudduth,* 517 S.W.2d at 523 (citing Arthur Larson, Workmen's Compensation Law § 10.31 (1972)). Recently, this Court made the following observations:

> [A]n injury due to an idiopathic condition is compensable if an employment hazard causes or exacerbates the injuries. The accident arises out of employment if there is a causal connection between the conditions under which the work is performed and the resulting injury. This causal link must be between the employment and the injury, rather than between the employment and the idiopathic episode.

> *Phillips v. A & H Constr. Co.,* 134 S.W.3d 145, 148 (Tenn. 2004). In order for a recovery, under these circumstances, there must be "some hazard [i.e., driving] incident to his or her employment. If driving a vehicle is part of an employee's job, then it is certainly a hazard incident to employment." *Id.* at 152. In Phillips, this Court held that "[t]o prove that his injuries arose out of his employment, [a claimant] must prove that [a special hazard incident to employment] caused or exacerbated his injuries, not that any condition of work caused his idiopathic loss of consciousness." *Id.*

Based upon the evidence submitted, Mr. Williams proved he suffered a compensable injury due to a special hazard of his employment. This Court grants his request for medical benefits. According to Tennessee Code Annotated 50-6-204(a)(1)(4)(2013), an employer shall furnish free of charge all medical treatment and services made reasonably necessary by accident. Therefore, Kingsport shall pay Mr. Williams' medical bills incurred at Wellmont and Blue Ridge Radiology according to the fee schedule. Kingsport shall also provide Mr. Williams a panel of physicians to address any remaining issues with his right arm due to the accident on October 8, 2014.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Williams' claim against Kingsport for the requested medical benefits is granted.

5

2. Kingsport shall pay Mr. Williams' prior medical bills and present him with a panel of physicians. Kingsport shall schedule an appointment with the physician Mr. Williams chooses from the panel.

3. This is not a final order.

4. This matter is set for Initial Hearing on March 26, 2015, at 4:00 p.m. eastern time.

5. **Unless interlocutory appeal of the Expedited Hearing Order is filed, complained with this Order must occur no later than seven (7) business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of complain with this Order to the Division by email to WCCompliance.Program@tn.gov no later than the seventh (7th) business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.**

6. For questions regarding compliance, please contact Workers' Compensation Compliance Unit via email WCCompliance.ProgramW@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

**ENTERED this the 10th day of February 2015.**

**BRIAN K. ADDINGTON**
**Workers' Compensation Judge**

Initial Hearing:

An Initial Hearing has been set with Judge Brian K. Addington, Court of Workers Compensation. You must call 865-594-6538 or toll free at 855-543-5044 to participate in the Initial Hearing.

Please Note: You must call in on March 26, 2015, at 4:00 p.m. eastern time to participate. Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Eastern Time (ET).

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal".

2. File the completed form with the Court Clerk *within seven (7) business days* of the date the Expedited Hearing Order was entered by the Workers' Compensation Judge.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The parties, having the responsibility of ensuring a complete record on appeal, may request from the Court Clerk the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a statement of the evidence within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must be approved by the Judge before the record is submitted to the Clerk of the Appeals Board.

5. If the appellant elects to file a position statement in support of the interlocutory appeal, the appealing party shall file such position statement with the Court Clerk within three (3) business days of the filing of the Expedited Hearing Notice of Appeal, specifying the issues presented for review and including any argument in support thereof. If the appellee elects to file a response in opposition to the interlocutory appeal, appellee shall do so within three (3) business days of the filing of the appellant's position statement.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 10th day of February, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Mail/Email Address |
|------|----------------|------------------|---------|------------|-----------|--------------------|
| **Preston Williams** | X | X | | | | **208 McFarland Dr., Kingsport, TN 37664** |
| **J. Billingsley, Esq.** | | | | | X | **j.billingsley@kingsporttn.gov** |

**PENNY SHRUM**
**CLERK OF THE COURT**

7